

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Lee C-42*

Honorable Fred Stockdale
District Attorney
Aspermont, Texas

Dear Sir:

*O-5145*

Opinion Number O-5145
Re: Whether county commissioner
may serve as trustee of
rural high school district.

We have received your letter of March 20, 1943, in
which you ask the opinion of this department upon the follow-
ing question:

"Is one who holds the office of County Com-
missioner prohibited from holding the office
of Trustee of a Rural High School District with-
in the same precinct, and at the same time?"

Article 2922b, Vernon's Annotated Civil Statutes, reads
as follows:

"Rural high school districts as provided for
in the preceding article shall be classed as com-
mon school districts, and all other districts,
whether common or independent, composing such
rural high school district shall be referred to
in this Act as elementary school districts; pro-
vided that all independent school districts en-
larged by the annexation thereto of one or more
common school districts as provided for in Arti-
cle 2922a shall retain its status and name as an
independent school district, and shall continue

to operate as an independent school district
under the provisions of the existing laws and
the laws hereafter enacted governing other in-
dependent school districts, except as otherwise
provided for herein."

Article 2922e, Vernon's Annotated Civil Statutes, pro-
vides, in part, as follows:

"The control and management of the schools
of a rural high school district, established
under the provisions of this Act, shall be
vested in a board of seven trustees, elected
by the qualified voters of the said district
at large, who shall be elected and serve in
accordance with the provisions of General Law
relative to common school districts, except as
may be otherwise provided herein; * * *."

Article 2922L, Vernon's Annotated Civil Statutes, reads,
in part, as follows:

" * * * and provided further that no such tax
shall be levied and no such bonds shall be issued
until after an election shall have been held
wherein a majority of the qualified taxpaying
voters, voting at said election, shall have voted
in favor of the levying of said tax, or of the
issuance of said bonds, or both, as the case may
be, and which election shall be held in accord-
ance with the law now governing such elections in
common school districts, * * *."

The constitutional prohibition against the holding of
more than one office of emolument (Article XVI, Section 40) is

Honorable Fred Stockdale, page #3

inapplicable to the question under consideration for two reasons: (1) The office of county commissioner is expressly excepted; (2) As the trustee serves without compensation, his is not an office of emolument. State v. Martin, 51 S. W. (2d) 815; Opinion No. 0-3308.

However, it is also a fundamental rule of law that one person may not hold at the same time two offices the duties of which are incompatible, and this principle applies whether or not the office is named in the exemption contained in Section 40 of Article XVI. Biencourt v. Parker, 27 Texas 558; State v. Brinkerhoff, 66 Tex. 45; Thomas et al. v. Abernathy County Line Independent School District, 290 S. W. 152; Opinion of the Attorney General to Honorable A. B. Crane, dated January 24, 1913; Opinion No. 0-4957. Under this principle of law, we are of the opinion that one person may not serve both as county commissioner and as trustee of a rural high school district at the same time for the reason that the two offices are incompatible. We will now point out certain situations where a conflict of duties may arise.

Under Articles 2806 and 2922aa provision is made for the consolidation of school districts. Under the statutes the procedure is begun by the presentation to the county judge of petitions signed by legally qualified voters of the districts. The county judge then orders an election in each of the districts, and notice is given. The election is held. We now quote from Article 2806 as follows: " * * * The Commissioners' Court shall, at its next meeting, canvass the returns of such elections, and if the votes cast in each and all districts show a majority in each district voting separately in favor of such consolidation, the court shall declare the school districts consolidated."

A school trustee might favor the consolidation or be against it. In either event, it could influence his action as county commissioner in canvassing the returns of the election, thus precluding fair and honest service by him as county commissioner. Of course, in most cases this practice would not be followed; however, the danger is present.

We direct your attention to that part of Article 2922e heretofore quoted, which states that trustees of rural high school districts shall be elected in accordance with the general

Honorable Fred Stockdale, page #4

law relative to common school districts, except as otherwise provided in the rural high school act. Under Article 2746a, Vernon's Annotated Civil Statutes, after the election is held for trustees of common school districts or independent school districts of less than 500 scholastics, the election officers make returns of the election to the county judge, the ballot boxes shall be sent to the county judge, "and said returns shall be canvassed by the Commissioners' Court * * *." The inconsistency is obvious here: the county commissioner would canvass the results of the election in which he was a candidate for another office.

Still another conflict is found in Article 2922L and 2785. In that part of Article 2922L which we have quoted, it is provided that no tax shall be levied until after an election has been held wherein a majority of the qualified taxpaying voters voted in favor of levying the tax, and "which election shall be held in accordance with the law now governing such elections in common school districts * * *." Under article 2785, Vernon's Annotated Civil Statutes, the commissioners' Court canvasses the returns and declares the results of such election. If the school trustee were either for or against the tax voted in the election, his duty as county commissioner to canvass the returns correctly might be affected.

We quote the following from our Opinion No. O-995:

"Articles 2785, 2806, 2741, 2742b, 2688, 2825, 2829, 2787, 2746a, 2677 and other articles, of the Revised Civil Statutes of Texas, deal with the various relations of the commissioners' court to the school systems of the county.

"On May 8th, A. D. 1929, this department held in an opinion written by Hon. Anthony Maniscalco, Assistant Attorney General, that one person should not hold the offices of county commissioner and school trustee, as these offices were incompatible and that the acceptance of the second office was a resignation of the first."

Honorable Fred Stockdale, page #5

You are advised that it is the opinion of this department that one person may not at the same time hold the offices of county commissioner and trustee of a rural high school district for the reason that such offices are incompatible.

APPROVED APR 2. 1943

FIRST ASSISTANT
ATTORNEY GENERAL

GWS-3

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

George W. Sparks
Assistant



APPROVED
OPINION
COMMITTEE
BY BWB

O.K.
c.p.